STEBBINS *v.* STATE BOARD OF PHARMACY.

1. MANDAMUS—REGISTRATION WITH BOARD OF PHARMACY—CONSTRUC-
TION OF STATUTES.

Under 1913 act requiring State board of pharmacy to register any
, person who has been an assistant druggist 25 years last past
which was amended in 1933 so as to carry the same language,
petitioner who in 1939 had had 33 years and 10 months
of practical experience in a retail drug store, compounding,
dispensing and retailing drugs and medicines, was entitled to
writ of mandamus to compel board to grant certificate of
registration as against contention that registration under such
provision was limited to applicants who had had 25 years'
experience prior to 1913 (Act No. 403, Pub. Acts 1913, as
amended by Act No. 141, Pub. Acts 1933).

2. COSTS—MANDAMUS—PUBLIC QUESTION—CONSTRUCTION OF STAT-
UTES.

No costs are allowed in mandamus proceeding to compel State
board of pharmacy to grant certificate of registration where
principal question was the construction of a regulatory statute,
such question being of public moment (Act No. 403, Pub.
Acts 1913, as amended by Act No. 141, Pub. Acts 1933).

MCALLISTER, J., dissenting.

Petition by William M. Stebbins for a writ of
mandamus to compel the State Board of Pharmacy
to issue him a certificate as a registered pharma-
cist. Submitted October 29, 1940. (Calendar No.
41,060.) Writ granted May 21, 1941.

*Kelley, Eger & Kelley,* for petitioner.

*Thomas Read,* Attorney General, and *Edmund E.
Shepherd* and *Kenneth G. Prettie,* Assistants At-
torney General, for defendant.

WIEST, J.   I am of the opinion the writ should issue.

December 18, 1939, when petitioner applied for registration, he had had 33 years, 10 months of practical experience in a retail drug store, compounding, dispensing and retailing drugs and medicines.

Act No. 403, Pub. Acts 1913 (2 Comp. Laws 1929, § 6860), granted right of registration "to any person who has been an assistant druggist twenty-five years last past." That act, as amended* and in force in 1939, still carries that provision. (Comp. Laws Supp. 1940, § 6860, Stat. Ann. § 14.761.)

At the effective date of the 1913 act, petitioner had not been an assistant druggist for 25 years, and the attorney general contends "that despite the amendment of 1933, the words 'twenty-five years last past' refer to 25 years immediately prior to 1913," and "the 1933 amendment dates back to the 1913 act, and does not advance the 1913 act to 1933 or fix the period of 25 years last past from that date."

The 25-year provision is still in the statute as amended and speaks of present rights and we may not add the limitation sought by the attorney general.

Petitioner is entitled to registration and, if necessary, the writ will issue.

The question being of public moment there will be no costs.

SHARPE, C. J., and CHANDLER, J., concurred with WIEST, J.

NORTH, J. (*concurring*).   I concur with Mr. Justice WIEST in ordering issuance of the writ.   While

---

* Act No. 141, Pub. Acts 1933.—REPORTER.

it is true that the same words, so far as pertinent here, are found in Act No. 403, Pub. Acts 1913 (2 Comp. Laws 1929, § 6860), and in the subsequent amendment thereto by Act No. 141, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 6860 [Stat. Ann. § 14.- 761]), it would result in a failure to carry out the legislative intent if those words were given the same purport or limitation in the 1933 act as when used in the 1913 act. The pertinent portion of each act reads:

"The State board of pharmacy is authorized and required to issue a certificate to any person as a registered pharmacist * * * *who has been an assistant druggist twenty-five years last past.*"

While the italicized words are identical in the two acts, in a statute of this character, they should be held to be of an entirely different purport. In the earlier act these words fixed a time limitation of "twenty-five years last past" prior to 1913; but as used in the later act they fixed a period of "twenty-five years last past" prior to 1933. The words are the same, but the meaning entirely different.

In *Wade* v. *Farrell,* 270 Mich. 562, 567, we quoted approvingly the following: "When a statute continues a former statute law, that law common to both acts dates from its first adoption." But in the *Wade Case* vested rights were involved. In the instant case no vested rights are involved. Instead, the legislature was providing that persons with certain qualifications were entitled to certificates as registered pharmacists. In the 1913 act the requisite period of experience was "twenty-five years last past" prior to the 1913 act; but, as noted above, in the 1933 act the period of "twenty-five years last past" was plainly the specified period next preceding the act of 1933. Therefore it cannot be said the later statute "continues the former statute law."

So construing the statute, we hold that petitioner is entitled to the writ as prayed. If necessary it will issue. No costs are awarded.

BUSHNELL, CHANDLER, and BUTZEL, JJ., concurred with NORTH, J.

BOYLES, J. (*concurring*). I am for granting the writ. The pharmacy board concedes that Mr. Stebbins has been engaged in the business of an actual druggist for more than 25 years; that he is "absolutely qualified, morally and otherwise," to be a registered pharmacist; that the board is satisfied with the application and proofs and would grant a certificate if Mr. Stebbins were registered with the board as an assistant pharmacist. The sole reason given for refusal was a doubt as to proper construction of the law. A similar difference of opinion seems to exist in the minds of this court. Mandamus is a discretionary writ, and should be granted in this case.

MCALLISTER, J. (*dissenting*). On December 18, 1939, petitioner made application to the Michigan board of pharmacy for registration as a pharmacist under the provisions of Act No. 403, Pub. Acts 1913, as amended, and filed affidavits of competent persons as to his eligibility in accordance therewith. The board rejected the application, informing petitioner of its action on December 21, 1939. Petitioner applied to this court for an order to show cause why a peremptory writ of mandamus should not issue to the board requiring it forthwith to register petitioner as a pharmacist; and to this order the board made due return.

The statute under which petitioner seeks to com-

pel the board to grant registration is 2 Comp. Laws 1929, § 6860, as amended by Act No. 141, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 6860, Stat. Ann. § 14.761), which in so far as is here pertinent provides:

"Section 1. The State board of pharmacy is authorized and required to issue a certificate to any person as a registered pharmacist as provided by an act entitled ''An act to regulate the practice of pharmacy in the State of Michigan,'' same being act number one hundred thirty-four of the public acts of eighteen hundred eighty-five, approved June second, eighteen hundred eighty-five, and amendments thereto, without examination, upon payment of the fees specified in said act and amendments thereto, who now holds a certificate of a registered assistant issued to any such person at the time said act took effect, and who at such time was eligible and qualified to be granted a certificate of a registered pharmacist instead of a registered assistant under said act and to any person who has been an assistant druggist twenty-five years last past: *Provided,* That any such person shall forward to said board satisfactory proof supported by his affidavit, that he has been engaged in the business of an actual druggist twenty-five years or that he was so eligible and qualified at such time to be given a certificate of a registered pharmacist, setting forth in such affidavit the facts such as were required by said act at the time it took effect, to obtain a certificate of a registered pharmacist, and that he has been continuously engaged in this State since the granting to him of said certificate in the practice of pharmacy as such registered assistant: And *provided further,* That any person now registered as a registered assistant pharmacist in Michigan shall be declared eligible to take the examination for registered pharmacist and that five years' time from the passage of this act be allowed for such assistant phar-

macists to pass the examination for full registered pharmacist: And *provided further,* That any such registered assistants who cannot or do not qualify by successfully passing such an examination in keeping with public welfare, shall be required, thereafter, to become a graduate of a school or college of pharmacy or department of pharmacy of a university, recognized by the board, before again being permitted entrance to examination for registration as a pharmacist.''

At the time of filing his application, petitioner set forth that he had 33 years and 10 months of practical experience in retail drug stores, compounding, dispensing, and retailing drugs and medicines under the instruction of two registered pharmacists with whom he had worked and had been so engaged. Supporting the application was the affidavit of a practising physician and surgeon who deposed that, to his knowledge, petitioner had been compounding, dispensing, and retailing drugs and medicines during all of the aforesaid period, and that in his belief petitioner had become expert in compounding drugs and medicines for physicians' purposes, and was well qualified to dispense drugs, compound medicines, and physicians' prescriptions. Other qualifications required under the act are admitted to be possessed by petitioner. It is also conceded that petitioner, during the period set forth in his petition, was an ''assistant druggist'' and ''actual druggist'' within the meaning of the statute. It is, therefore, the contention of petitioner that, at the time of his application, having been an assistant druggist for more than 25 years, and having furnished proof by affidavit that he had been engaged in the business of an actual druggist during that period, he is entitled to registration.

On behalf of the board, the attorney general in-

sists that petitioner has not shown that he has fulfilled the time requirements necessary to entitle an assistant druggist to registration; that the act under which petitioner seeks registration is an amendment of Act No. 403, Pub. Acts 1913; that the said amendment adopted the language of the amended act with reference to the time which assistant druggists must have been engaged in business to entitle them to registration; and that inasmuch as the act of 1913 provided that, on proper showing, registration would be granted "to any person who has been an assistant druggist twenty-five years last past," the amendatory act of 1933, reenacting such language, must be construed to mean that registration would be granted to applicants who had been assistant druggists 25 years prior to 1913. It is contended that, because petitioner showed that he was in the business of assistant druggist only for a period of 33 years and 10 months prior to 1939, he is not qualified for registration under the classification of assistant druggist.

The question for determination, therefore, is whether the required 25-year period of engaging in business as an assistant druggist should be construed to be that period of time prior to 1913, or prior to 1939; or during that period of time prior to an application for registration.

A brief review of the legislation applicable to the registration of pharmacists is necessary for the statement of reasons for construction of the statute in question.

The original statute concerned with such registration was Act No. 134, Pub. Acts 1885 (2 Comp. Laws 1929, §§ 6825–6859 [Stat. Ann. §§ 14.721–14.755]), providing for registration, without examination, of any dispensing pharmacist who produced satisfactory proof by affidavit that he was engaged

in such business when the act took effect, or that he had been employed or engaged three years or more as a pharmacist, and was at such time so employed in this State. The application was required to be made within three months of the date of the act, or examination would be required. In Act No. 332, Pub. Acts 1905 (2 Comp. Laws 1915, § 6769), a tenth-grade education was required of all applicants; in Act No. 120, Pub. Acts 1921, a twelfth-grade education was required; in Act No. 58, Pub. Acts 1925 (2 Comp. Laws 1929, § 6836), two years' work in an accredited school of pharmacy was required, this provision to go into effect January 1, 1929; in Act No. 72, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 6836, Stat. Ann. § 14.732), graduation from a school of pharmacy was required. Various other changes were made in the amendments of the original act, all in keeping with raising the standards of knowledge, learning, and experience of persons engaging in business as pharmacists.

The successive statutes amending the law of 1885 prevented the registration of certain persons, "assistant druggists," who had been eligible for such registration under Act No. 134, Pub. Acts 1885. When the statute in 1913 was adopted, such persons were permitted to be registered without examination on proof that they had been assistant druggists *for 25 years last past*. All of the provisions amendatory to the original statute must be considered in ascertaining the intention of the legislature, and we are persuaded that, with the higher standards sought and the additional qualifications required under the successive amendments, the act of 1913, making provision for registration of those having been assistant druggists "for twenty-five years last past," must be considered to be for the

benefit of those who had previously been entitled to registration without examination, but who had lost this right on account of the amendments. The language "twenty-five years last past" was an exception made for a group who, at that time, would otherwise be deprived of rights that had been extended and secured in good faith under the original statute.

But under all of the circumstances of the various legislative action, it cannot be said that subsequent to the passage of the act of 1913, anyone, who at any time in the future could show that he had worked as an assistant druggist for 25 years, would be entitled to registration as a pharmacist without examination. The explicit words, "twenty-five years last past," must be construed to refer to the 25 years last past at the time of the enactment of that statute. With reference to the enactment of this part of the statute in 1933, amending the statute of 1913, the words "twenty-five years last past" must be held to date from the adoption of the law thus amended. To hold otherwise would be to conclude that the legislature intended that 25 years of experience in a drug store should remain the equivalent of the continually increasing educational requirements for pharmacists. There are no reasonable grounds upon which such a conclusion could be based. Nothing in the statute or the various amendments thereto would indicate that the legislature intended such a 25-year period to be a continuing qualification for registration without examination.

In *Wade* v. *Farrell*, 270 Mich. 562, 567, the following was quoted, with approval, from 25 R. C. L. p. 907:

" 'When a statute continues a former statute law, that law common to both acts dates from its first adoption, and only such provisions of the old act

as are left out of the new one are gone, and only new provisions are new laws. Where an act is amended "so as to read as follows" the part of the original act which remains unchanged is considered as having continued in force as the law from the time of its original enactment and the new portion as having become the law only at the time of the amendment.' "

In *Perry* v. *Hogarth,* 261 Mich. 526, 530, the following was quoted by the court, with approval:

" 'An amendment to a statute will generally be considered as a part of original act and the entire act as amended be given the construction which would be given it if the amendment were a part of the original act.' *People, ex rel. Attorney General,* v. *Railroad Co.* (syllabus), 145 Mich. 140."

In Act No. 141, Pub. Acts 1933, Act No. 403, Pub. Acts 1913, was amended "to read as follows;" and the amended statute thereafter adopted the same language as used in the act of 1913, namely, "and to any person who has been an assistant druggist twenty-five years last past."

Under the rule of construction above set forth, and under the authorities above cited, it must be held that petitioner did not establish, in accordance with the requirements of the statute, that he had been engaged as an assistant druggist during the requisite period which would entitle him to registration as a pharmacist, without examination.

The writ of mandamus is denied. The attendant circumstances in this case show that a public question was sought to be determined, and no costs are allowed.