AMERICAN PHARMACEUTICAL ASSN. *v.* MICHIGAN BOARD
OF PHARMACY.

1. DRUGGISTS—PHARMACIST'S CERTIFICATE—LICENSING BOARD—SU-
PREME COURT DECISIONS.

In deciding a case involving the revocation of pharmacists' licenses, it must be assumed that the licensing board knew of decision in proceeding against it by the Supreme Court, construing statute under which certificates as registered pharmacists were issued to them when qualifying with experience

of given duration, where decision was rendered during year previous to issuance of licenses in question (Act No. 403, Pub. Acts 1913, as amended by Act No. 141, Pub. Acts 1933).

2. SAME—PHARMACIST'S CERTIFICATE—CONSTRUCTION OF STATUTE—EXPERIENCE—QUALIFICATIONS.

In providing that one who had had more than 25 years' experience as an assistant druggist might be issued a certificate as a registered pharmacist without examination, it was not the intention of the legislature that a janitor employed by a druggist or a clerk selling other things commonly found in a drugstore could, by virtue of such services, qualify under the act as the act clearly means one who assists the druggist in the pharmacy department (Act No. 403, Pub. Acts 1913, as amended by Act No. 141, Pub. Acts 1933).

3. SAME — PHARMACIST'S CERTIFICATES — QUALIFICATIONS — EXPERIENCE—AGE.

The State board of pharmacy was clearly in error in issuing certificates as registered pharmacists under statute permitting issuance of such certificates without examination to persons with 25 years' experience as assistant druggists where persons so registered had had less than 25 years' experience in a drugstore or where such experience necessarily would have covered their services in such place at 6 or 8 years of age (Act No. 403, Pub. Acts 1913, as amended by Act No. 141, Pub. Acts 1933).

4. STATUTES—CONSTRUCTION—ADMINISTRATIVE BOARDS.

Where proper construction of a statute has been had by the Supreme Court, there is no need for an administrative board to construe such statute when it comes to apply the same statute subsequently.

5. MANDAMUS—FOREIGN CORPORATIONS—RIGHT TO SUE—QUESTIONS REVIEWABLE.

Whether or not foreign nonprofit corporation had a right to bring mandamus proceedings to compel the State board of pharmacy to commence proceedings to revoke licenses of certain individuals is not decided where it is conceded that other petitioners did have such right (Act No. 403, Pub. Acts 1913, as amended by Act No. 141, Pub. Acts 1933).

6. COSTS—MANDAMUS—PHARMACIST'S CERTIFICATES—REVOCATION.

No costs are allowed in mandamus proceedings to compel defendant board of pharmacy to institute proceedings to revoke certificates of unqualified licensees (Act No. 403, Pub. Acts 1913, as amended by Act No. 141, Pub. Acts 1933).

Petition by American Pharmaceutical Association, a Maryland corporation, Bernard A. Bialk, Leonard A. Seltzer, Alphonse J. Meyer, and Samuel Bez for a writ of mandamus requiring the Michigan Board of Pharmacy and its members to entertain revocation of license proceedings against Joseph W. Brunnell, John C. LaMens and Samuel Fields. Submitted September 20, 1944. (Calendar No. 42,243.) Writ granted November 30, 1944.

*Edgar G. Braun* (*Wendell Brown,* of counsel), for plaintiffs.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Milton G. Schancupp, Ben H. Cole, Percival Piper* and *Daniel J. O'Hara,* Assistants Attorney General, for defendants.

Sharpe, J. Petitioners, American Pharmaceutical Association, a nonprofit corporation, and Bernard A. Bialk, Leonard A. Seltzer, Alphonse J. Meyer and Samuel Bez, seek a writ of mandamus against the Michigan board of pharmacy to commence revocation of license proceedings against Joseph W. Brunnell, John C. LaMens and Samuel Fields, who were licensed as registered pharmacists under Act No. 403, Pub. Acts 1913 (2 Comp. Laws 1929, § 6860), as amended by Act No. 141, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 6860, Stat. Ann. § 14.761).

It appears that Joseph W. Brunnell was born in 1906; was employed by the Wikel Drug Company from 1912 to 1917; by Farrand-Williams & Clark from 1919 to 1924; by the Mutual Drug Company from 1926 to 1928; by Frank W. Kerr Company from 1928 to 1939; and by Detroit Medical Arts Pharmacy from 1939 to 1941. John C. LaMens had 16 years'

experience prior to the year 1931; and Samuel Fields was employed by registered pharmacists from 1915 to 1941.

Act No. 403, Pub. Acts 1913 (2 Comp. Laws 1929, § 6860), as amended by Act No. 141, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 6860, Stat. Ann. § 14.761), vests the State board of pharmacy with authority to issue certificates of registration to persons entitled thereto, the statute in question being as follows:

"The State board of pharmacy is authorized and required to issue a certificate to any person as a registered pharmacist as provided by an act entitled 'An act to regulate the practice of pharmacy in the State of Michigan,' same being Act No. 134 of the Public Acts of 1885, approved June 2, 1885, and amendments thereto, without examination, upon payment of the fees specified in said act and amendments thereto, who now holds a certificate of a registered assistant issued to any such person at the time said act took effect, and who at such time was eligible and qualified to be granted a certificate of a registered pharmacist instead of a registered assistant under said act and to any person who has been an assistant druggist 25 years last past; provided, that any such person shall forward to said board satisfactory proof supported by his affidavit, that he has been engaged in the business of an actual druggist 25 years or that he was so eligible and qualified at such time to be given a certificate of a registered pharmacist, setting forth in such affidavit the facts such as were required by said act at the time it took effect, to obtain a certificate of a registered pharmacist, and that he has been continuously engaged in this State since the granting to him of said certificate in the practice of pharmacy as such registered assistant: and provided further, that any person now registered as a registered assistant phar-

macist in Michigan shall be declared eligible to take the examination for registered pharmacist and that five years' time from the passage of this act be allowed for such assistant pharmacists to pass the examination for full registered pharmacist: and provided further, that any such registered assistants who cannot or do not qualify by successfully passing such an examination in keeping with public welfare, shall be required thereafter to become a gradu-, ate of a school or college of pharmacy or department of pharmacy of a university, recognized by the board, before again being permitted entrance to examination for registration as a pharmacist.''

Petitioners allege that the so-called ''25-year provision'' of Act No. 403, Pub. Acts 1913, as amended by Act No. 141, Pub. Acts 1933, is clear and mandatory and in fact prohibits the board of pharmacy from issuing licenses to any person who for upwards of 25 years continuously immediately prior to October 17, 1933, was not either a registered assistant pharmacist in Michigan or a registered pharmacist or an assistant druggist or a druggist in this State.

Defendants contend that ''assistant druggist'' and ''actual druggist,'' as used in the statute, were terms intended to have no special legal significance, but to indicate simply those persons who had worked in a drugstore, and that Act No. 141, Pub. Acts 1933, made no change in the language or effect of Act No. 403, Pub. Acts 1913; that the 25 years' experience under the ''grandfather clause'' means any period up to and including 1942, the year the certificates were issued; and deny that petitioners are entitled to the writ of mandamus prayed for.

Defendants also urge that because the records of the Michigan Corporation and Securities Commission do not disclose that the American Pharmaceu-

tical Association is licensed to do business in Michigan, as required by Act No. 327, § 97, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 10135-97, Stat. Ann. § 21.98), they have no right to commence mandamus proceedings.

In *Stebbins* v. *State Board of Pharmacy*, 297 Mich. 676, we had occasion to construe Act No. 403, Pub. Acts 1913, as amended by Act No. 141, Pub. Acts 1933, and there held that a person who had 25 years' experience as an assistant druggist prior to October 17, 1933 (the effective date of the act), and other necessary qualifications, was entitled to a writ of mandamus to compel the State board of pharmacy to grant a certificate of registration. The above case was decided in May, 1941, and we must assume that the board knew of this decision in 1942, when it issued the licenses to Brunnell, LaMens and Fields. In the *Stebbins Case, supra,* decision was planted upon the fact that the applicant had more than 25 years' experience as an *assistant druggist.* It never was the intention of the legislature that a janitor employed by a druggist, or a clerk selling other things commonly found in a drugstore, could by virtue of such services qualify under the act. The act clearly means one who assists the druggist in the pharmacy department of a drugstore.

The record shows that Joseph W. Brunnell was born in 1906, and began work in a drugstore in 1912, or when he was of the age of six years. At the time the foregoing act became effective he had less than 25 years' experience in a drugstore. We cannot conceive how a boy of the age of six years can be termed an "assistant druggist." John C. LaMens had 16 years' experience in a drugstore prior to the effective date of the act. Samuel Fields was born in 1901. On the effective date of the act (October 17, 1933) he could not have been more than 33 years of

age, and in order to have 25 years' experience as an assistant druggist he would be required to begin such services at the tender age of eight years. These facts were known to the Michigan board of pharmacy when the certificates of registration were granted to Brunnell, LaMens and Fields. The Michigan board of pharmacy clearly was in error in granting the above certificates, and when these facts were called to its attention it should have instituted proceedings to revoke such licenses.

We are not in accord with the claims of defendants that the board had to construe a statute, as proper construction was placed upon the act in the *Stebbins Case.*

The board should apply to each applicant the plain intent of the statute in the light of our decision in the *Stebbins Case.* Petitioners Bialk, Seltzer, Meyer and Bez have a right to have proceedings instituted looking towards the revocation of the licenses of Brunnell, LaMens and Fields. We do not find it necessary to discuss or determine whether the American Pharmaceutical Association has any right to petition for a writ of mandamus as it is conceded that the other petitioners have such a right.

The writ will issue, but without costs.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSH-NELL, BOYLES, and REID, JJ., concurred.