BEEMAN *v.* BOARD OF PHARMACY.

1. DRUGGISTS—CERTIFICATES OF REGISTRATION—STATUTES—"GRAND-FATHER CLAUSE."

An amendatory act which provides that persons who had practiced as pharmacists or assistant pharmacists for the 25 years last past entitled persons who had so practiced for the 25 years immediately preceding the effective date of such amendatory act to certificates of registration, notwithstanding the statutory provision in such respect had been contained in the act prior to amendment, but it did not authorize issuance of certificates to persons who, after the amendatory act became effective, had had less than 25 years of practice before the amendment became effective although more than 25 years of practice before making application (2 Comp. Laws 1929, § 6860, as amended by Act No. 141, Pub. Acts 1933).

2. SAME—CERTIFICATES OF REGISTRATION—ERROR—REVOCATION.

The board of pharmacy has express statutory power to revoke certificates of registration issued as a result of an error in interpreting statute conferring authority to issue such certificates (2 Comp. Laws 1929, § 6845).

3. SAME—CERTIFICATES OF REGISTRATION—VIOLATION OF LAW—VESTED RIGHT.

One to whom a certificate of registration as a pharmacist has been issued in violation of law could not acquire a vested right in such certificate (2 Comp. Laws 1929, § 6845; § 6860, as amended by Act No. 141, Pub. Acts 1933).

4. SAME—STATUTES—POLICE POWER.

The drug business and practicing as a pharmacist are matters subject to police regulation and may not be pursued except under statutory requirements appplicable to all persons.

5. CONSTITUTIONAL LAW—PUBLIC HEALTH—PUBLIC SAFETY.

The legislature has power to define the qualifications of those who shall be licensed to practice those callings or professions the exercise of which may affect the public health or safety.

REFERENCES FOR POINTS IN HEADNOTES
[3] 11 Am. Jur., Constitutional Law, § 370.
[4–6] 11 Am. Jur., Constitutional Law, §§ 281, 284–286, 289, 290, 302–304, 336, 337; 17 Am. Jur., Drugs and Druggists, § 7.

6. DRUGGISTS — CERTIFICATES OF REGISTRATION — "GRANDFATHER
   CLAUSE"—EQUAL PROTECTION—DUE PROCESS.
   Imposition of requirement that board of pharmacy must issue a
     certificate as a registered pharmacist only where applicant can
     show he has been an assistant druggist for 25 years prior to
     time amendatory act became effective did not make classifica-
     tion unreasonable, oppressive, unjust, discriminatory, arbitrary
     and capricious, notwithstanding other States specify less than
     25 years and some applicants own a drugstore or have invest-
     ments in such a business (U. S. Const. am. 14; Mich. Const.
     art. 2, §§ 1, 16; 2 Comp. Laws 1929, § 6860, as amended by
     Act No. 141, Pub. Acts 1933).

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted October 13, 1948. (Docket No. 99, Calen-
dar No. 44,186.) Decided January 3, 1949. Appeal
to Supreme Court of the United States allowed June
20, 1949.

Bill by G. O. Beeman and others against Michigan
Board of Pharmacy and others for injunction re-
straining defendants from revoking plaintiffs' li-
censes, for declaration of rights of parties and to
have Act No. 403, Pub. Acts 1913, as amended, de-
clared unconstitutional. Decree for defendants.
Plaintiffs appeal. Affirmed.

*Dykema, Jones & Wheat,* for plaintiffs.

*Eugene F. Black,* Attorney General, *Edmund E.
Shepherd,* Solicitor General, and *Ben H. Cole* and
*Ernest O. Zirkalos,* Assistants Attorney General, for
defendants.

NORTH, J. The Michigan board of pharmacy and
its individual members, defendants herein, having
taken action in the matter of revoking the certificates
of registration of the plaintiffs as pharmacists, noti-
fied each of the plaintiffs that his or her pharmaceu-
tical license "is revoked." Thereupon this suit to

restrain defendants "from taking any action calculated to enforce the revocation of plaintiffs' licenses as registered pharmacists" was instituted on October 15, 1945, and by temporary injunction defendants' revocation orders were stayed. The decree entered after hearing was adverse to plaintiffs and they have appealed.

It is stated in appellants' brief:

"The plaintiffs in this case are all pharmacists, who have practiced their profession continuously in the State of Michigan for substantially all of their professional lives. * * * Some of them own and operate drugstores, some are employed in drugstores owned by others. Most of them have made substantial investments in the establishments where they are professionally active. No complaints have been registered against them at any time by the Michigan board of pharmacy or by any other agency of the State or by any other person, as to their skill, integrity, training or professional qualifications.

"In 1885 the Michigan legislature passed Act No. 134,* which was intended to regulate the practice of pharmacy in the State of Michigan. * * * It created a board of pharmacy and set out its duties and powers; and also provided qualifications for the practice of pharmacy and standards for the operation of drugstores."

At the time there was issued to each of appellants a certificate of registration as a pharmacist, the applicable statute provided:

"The State board of pharmacy is authorized and required to issue a certificate to any person as a registered pharmacist * * * who has been an assistant druggist twenty-five years last past: *Provided.* that any such person shall forward to said board satisfactory proof." Act No. 403, § 1, Pub. Acts 1913 (2 Comp. Laws 1929, § 6860, as amended by Act

---

* See, as amended, 2 Comp. Laws 1929, § 6825 *et seq.*, 2 Comp. Laws 1948, § 338.401 *et seq.* (Stat. Ann. § 14.721 *et seq.*).—REPORTER.

No. 141, Pub. Acts 1933 * [Comp. Laws Supp. 1940, § 6860, Stat. Ann. § 14.761]).

In *Stebbins* v. *State Board of Pharmacy*, 297 Mich. 676, we had occasion to consider the above quoted statutory provision. In an opinion signed by 4 justices and concurred in by 2 others, referring to the fact that the same words were embodied in Act No. 403, Pub. Acts 1913, we said: "In the earlier act these words fixed a time limitation of 'twenty-five years last past' prior to 1913; but as used in the later (1933) act they fixed a period of 'twenty-five years last past' prior to 1933," meaning prior to the effective date of the respective acts. In *American Pharmaceutical Assn.* v. *Michigan Board of Pharmacy*, 310 Mich. 23, 29, we said "proper construction was placed upon the act in the *Stebbins Case*.".

Notwithstanding the above construction of the statute, which seems rather clear and definite, the board of pharmacy, possibly due to erroneous advice, misconstrued the statute by interpreting it to mean that the qualifying 25-year period should be considered as the 25 years preceding the date on which one applied for registration as a pharmacist; and it was under such construction that certificates were issued to the plaintiffs herein, notwithstanding they had not practiced as pharmacists or assistant pharmacists during the "twenty-five years last past" preceding the effective date of the 1933 statute. Upon discovering that under the above misinterpretation of the statute pharmaceutical certificates had been issued to plaintiffs and certain other persons, notification of cancellation of such erroneously-issued certificates was sent to the respective parties. The notices of such revocation gave as a reason therefor "that it (the certificate) was issued and obtained by misrepresentation, error or fraud."

---

* See, as amended by Act No. 58, Pub. Acts 1943, 2 Comp. Laws 1948, § 338.461.—REPORTER.

It is contended by appellants that the board of pharmacy was without statutory authority to cancel these certificates; but we are of the opinion this contention cannot be sustained. Clearly plaintiffs' certificates were issued to them as a result of an error in determining that they were lawfully entitled to certificates of registration since they had been either druggists or assistant druggists for at least 25 years preceding their applications for certificates of registration, notwithstanding they had not been druggists during "twenty-five years last past" prior to the effective date of the 1933 act. Under such circumstances the authority of the board of pharmacy to revoke the erroneously-issued certificates is expressly conferred by the statute, which reads:

"If any registered pharmacist or registered assistant pharmacist shall have obtained a license by misrepresentation, error or fraud * * * the State board of pharmacy shall have the power to revoke or suspend such license or certificate after giving any such person reasonable notice and an opportunity to be heard." 2 Comp. Laws 1929, § 6845 * (Stat. Ann. § 14.741).

Further, under the above statute, it cannot be held, as appellants contend, that while the board of pharmacy has the power to cancel a license, it is not empowered to cancel a certificate of registration, which certificate appellants assert gave a vested right. The statute provides that, under the conditions specified, "the State board of pharmacy shall have the power to revoke or suspend such *license or certificate*." The record does not disclose whether appellants were given an opportunity to be heard, as provided in the above statute, but they have made no point of their rights in that respect.

* 2 Comp. Laws 1948, § 338.419.—REPORTER.

We have considered but find no merit in appellants' further contention that the statute is unconstitutional in that it is alleged to be "unreasonable, oppressive, unjust, discriminatory, arbitrary and capricious." In this particular appellants rely upon the Fourteenth Amendment to the United States Constitution, that no State shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws;" and upon article 2, §§ 1 and 16, of the Michigan Constitution, the first of which guarantees equal protection of the laws, and the other provides "no person shall * * * be deprived of life, liberty or property, without due process of law."

Appellants' contention that the statute is unconstitutional is to some extent based upon their claim that they have a vested property right to practice as pharmacists in consequence of pharmaceutical certificates of registration having been issued to them and because of their unchallenged general qualifications. But appellants could not have and did not acquire vested rights in consequence of there having been issued to them certificates of registration in violation of the law. The drug business and practicing as a pharmacist are matters subject to police regulation, and plaintiffs may not practice as druggists or pharmacists except under the same lawful requirements as are applicable to all other persons.

"It must be conceded, from cases cited, that the legislature has power to define the qualifications of those who shall be licensed to practice those callings or professions the exercise of which may affect the public health or safety." *People* v. *Phippin,* 70 Mich. 6, 23.

Our review of the instant case brings the conclusion that appellants' contention in the respect now

under consideration is not tenable, but because it is so strenuously insisted upon in their brief we note the following. In effect appellants contend "that 25 years is an excessive requirement to qualify as a pharmacist," and in that respect the statute "is utterly capricious and out of accord with any reasonable view," and classification on that basis is not a reasonable classification; but instead is unreasonable, oppressive, arbitrary and unconstitutional. But in our judgment the legislature acted within its constitutional right in enacting this police regulation. In so holding we do not overlook, as pointed out in appellants' brief, that in some other States somewhat similar statutes specify less than 25 years as a requirement of registration or license. Nor can we hold that because of the fact that some of these appellants own a drugstore or have investments in this type of business, they are entitled to certificates of registration as pharmacists.

Since the foregoing is decisive of the issue herein there is no need of this Court rendering a declaratory decree "definitely fixing and defining the rights of the parties under the terms of the statute," as sought in plaintiffs' prayer for relief. The decree entered in the circuit court dismissing plaintiffs' bill of complaint is affirmed, and the order entered in this Court continuing during the pendency of this appeal the force and effect of the temporary injunction issued in the circuit court is set aside. Appellees may have costs of this Court.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, BUTZEL and CARR, JJ., concurred.

DETHMERS, J., did not sit.